UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| GNSP CORP d/b/a RX OASIS, | Case No. 8:24-bk-300-CPM |
| Debtor. _____/ | *Emergency Hearing Requested* |

### DEBTOR'S EMERGENCY MOTION FOR
### AUTHORITY TO USE CASH COLLATERAL

> **STATEMENT OF RELIEF REQUESTED**
>
> **The Debtor seeks authority to use cash collateral to fund its operating expenses and the costs of administering this Chapter 11 case in accordance with the budget attached to this Motion. The Debtor believes that certain lenders, as described below, may assert security interests in cash collateral. As adequate protection, the Debtor propose to grant the lenders replacement liens to the same extent, validity, and priority as existed as of the Petition Date.**

GNSP CORP, as Debtor and Debtor in possession (collectively, the "**Debtor**"), respectfully requests the entry of an order authorizing the use of cash collateral (as defined below) and, in support thereof, the Debtor respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief sought herein are §§ 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

### Background

3. On January 22, 2024 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and

made an election to proceed under Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

4. The Debtor continues to operate as a debtor-in-possession. For more information on the Debtor and the reasons for the bankruptcy filing, please see the Debtor's Chapter 11 Case Management Summary.

**Summary of Prepetition Secured Indebtedness**

6. The Debtor's primary secured obligations consist of: (a) an Economic Injury Disaster Loan from the U. S. Small Business Administration ("**SBA**") with an approximate balance of $2 million; and (b) amounts that may be owed from time to time to its main supplier, McKesson Corporation ("**McKesson**"), which are secured pursuant to a filed UCC-1 Financing Statement. McKesson is senior in priority to the SBA, but is not owed any amount as of the Petition Date.

7. The Debtor also has a purchase-money financing loan with Bank of America, secured by a vehicle, with an approximate balance of $5,955.00. The Debtor does not believe that Bank of America has an interest in Cash Collateral.

8. Each of McKesson and the SBA (collectively, the "**Lenders**") may assert an interest in Cash Collateral, as that term is defined in Section 363(a) of the Bankruptcy Code (the "**Cash Collateral**").

9. As of the Petition Date, the Debtor had cash of approximately $374,000.00.

**Relief Requested and Grounds for Relief**

10. The Debtor intends to use Cash Collateral to pay operating expenses and the costs of administering this Chapter 11 case. Accordingly, the Debtor requests authority to use Cash Collateral pursuant to Section 363(c) of the Bankruptcy Code.

11. The Debtor respectfully requests the entry of an interim order in the form attached hereto as **Exhibit A** authorizing the use of Cash Collateral, in accordance with the budget for the period from January 22, 2024 through and including February 16, 2024 attached hereto as **Exhibit B**, to fund its operating expenses and the costs of administering this Chapter 11 case to avoid immediate and irreparable harm to the estate pending a final hearing and the entry of a final order. Specifically, the Debtor intends to use Cash Collateral for:

    a.    payroll;

    b.    insurance;

    c.    rent;

    d.    purchase of necessary inventory;

    e.    payment of utilities;

    f.    other payments necessary to sustain continued business operations;

    g.    care, maintenance, and preservation of the Debtor's assets; and

    h.    costs of administration in this Chapter 11 case.

Except as specifically authorized by law or court order, the Debtor will not use Cash Collateral to pay pre-petition obligations.

12. The Debtor requests authorization to use Cash Collateral immediately to fund operating expenses necessary to continue the operation of its business, to maintain the estate, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and the estate.

13. The Debtor further requests that any order authorizing the use of Cash Collateral require account debtors to pay the Debtor directly on any accounts receivable.

14. There is insufficient time for a full hearing pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure to be held before the Debtor must use Cash Collateral. If this Motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use Cash Collateral, there will be a direct and immediate material and adverse impact on the continuing operations of the Debtor's business and on the value of its assets. To continue the business activities in an effort to achieve a successful reorganization, the Debtor must use Cash Collateral in the ordinary course of business. The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations, which will result in irreparable injury to the Debtor and its chances for reorganization. Any such discontinuation would also materially and adversely impact the value of the Lenders' collateral. Indeed, it is in the best interest of the Lenders that the Debtor use Cash Collateral, if such usage will preserve the value of the collateral.

15. "Cash Collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a). Pursuant to section 363(c)(2) of the Bankruptcy Code, the Court may authorize the Debtor to use Cash Collateral so long as the applicable secured creditors consent or are adequately protected. *See, e.g., In re Mellor,* 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re McCormick,* 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) (to use the cash collateral of a secured creditor, the debtor must have the consent of the secured creditor or must establish to the court that the secured creditor's interest in the cash collateral is adequately protected).

16. In exchange for the Debtor's ability to use Cash Collateral in the operation of its business, the Debtor proposes to grant to each of the Lenders, as adequate protection, a

replacement lien to the same extent, validity, and priority as existed on the Petition Date. In other words, the Debtor proposes that the Lenders' "floating" lien on such assets continue to "float" to the same extent, validity, and priority as existed on the Petition Date, notwithstanding Section 552 of the Bankruptcy Code. The Debtor asserts that the interests of the Lenders will be adequately protected by the replacement liens.

17. If allowed to use Cash Collateral, the Debtor believes that it can stabilize its business operations and maintain going concern value. Otherwise, the Debtor's business operations will cease and the assets will have only liquidation value.

18. The Motion is without prejudice to the rights of the Debtor or any other party to contest the extent, validity and/or priority of the Lenders' asserted liens or interests.

WHEREFORE, the Debtor respectfully requests that this Court: (1) enter an interim order granting this Motion and authorizing the interim use of Cash Collateral; (2) schedule a preliminary hearing on this Motion on or before January 26, 2024; (3) schedule a final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2); and (4) providing for such other and further relief as may be just and proper.

    */s/ Amy Denton Mayer*
    Amy Denton Mayer (FBN 0634506)
    Stichter Riedel Blain & Postler, P.A.
    110 East Madison Street, Suite 200
    Tampa, Florida 33602
    Telephone: (813) 229-0144
    Email: amayer@srbp.com
    Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion for Authority to Use Cash Collateral* has been furnished on this 24th day of January, 2024, by either the Court's CM/ECF system or U.S. mail to the 20 Largest Unsecured Creditors and by either U.S. mail or email to:

U.S. Small Business Administration
51 SW 1st Avenue, Suite 201
Miami, FL 33130
Email:  bankruptcynotices@sba.gov

U.S. Small Business Administration
EIDL
2 North St., #320
Birmingham AL 35203

U.S. Small Business Administration
CESC
14925 Kingsport Rd.
Fort Worth, TX  76155

Attorney General of the United States
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

United States Attorney
Attn:  Civil Process Clerk
400 N. Tampa St., #3200
Tampa, FL  33602

McKesson Corporation
Attn:  Benjamin Hill, Esquire
benjamin.hill@mckesson.com

*/s/ Amy Denton Mayer*
Amy Denton Mayer

Altium Healthcare
600 Vista Drive
Sparta, TN 38583

Amazon
410 Terry Ave N
Seattle, WA 98109

B&B Cash Grocery Stores
927 US 301
Tampa, FL 33619

Bank of America
P.O. Box 15019
Wilmington, DE 19850-5019

BWD
13422 Wyandotte St.
North Hollywood, CA 91605

Dex Imaging
5109 W. Lemon St., #B
Tampa, FL 33609

FDS INC
590 E. Middlefield Road
Mountain View, CA 94043

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399

Gerimed
9707 Shelbyville Rd.
Louisville, KY 40223

HCC Pharmacy Staffing
165 Sabal Palm Dr., #151
Longwood, FL 32779

Heartland Payment Systems
1 Heartland Way
Jefferson, IN 47130

IPC
1550 Columbus St
Sun Prairie, WI 53590

Kamal Patel and Shilpa Patel
c/o Jason Sampson, Esq.
Venerable Law
301 W. Platt St., #657
Tampa, FL 33606

Managed Health Care
2300 E 3rd Loop, #200
Vancouver, WA 98661

Microsoft
One Microsoft Way
Redmond, WA 98052

Omnicell
500 Cranberry Woods
Cranberry Twp, PA 16066

Paycor
4811 Montgomery Rd
Cincinnati, OH 45212

Pharmacist Mutual
808 US Hwy 18 West
Algona, IA 50511

Pioneer RX
600 Las Colinas Blvd. E., #2200
Irving, TX 75039

Prescribe Wellness
9701 Jeronimo Rd #300
Irvine, CA 92618

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:  Chapter 11, Subchapter V

GNSP CORP d/b/a RX OASIS,  Case No. 8:24-bk-300-CPM

    Debtor.
_____/

### ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS

THIS CASE came before the Court for hearing on _____, 2024, at _____ .m. (the "**Hearing**") for consideration of the *Debtor's Emergency Motion for Authority to Use Cash Collateral* (Doc. No. ***) (the "**Motion**")[1]. The Motion seeks the entry of interim and final orders authorizing the Debtor to use "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that, under the circumstances, due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Middle District of Florida, (ii) the SBA, (iii) McKesson, (iv) all known secured creditors of the Debtor with an interest in cash collateral, and (v) the twenty (20) largest unsecured creditors of the Debtor, and that no other or further notice is necessary. The Court considered the Motion, together with the

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

record and the argument of counsel at the Hearing, and it appearing that the use of Cash Collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED**:

1.　Notice.  Notice of the Motion and the Hearing was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2.　Interim Approval.  The Motion is granted on an interim basis pending a further hearing to be conducted by the Court on _____, 2024, at _____ .m.

3.　Cash Collateral Authorization.  Subject to the provisions of this Order, the Debtor is authorized to use Cash Collateral to pay: (a) amounts expressly authorized by this Court, including any required monthly payments to the Subchapter V Trustee; (b) the current and necessary expenses set forth in the budget attached hereto as **Exhibit A**, plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by the Lenders.  This authorization will continue until further order of the Court. Except as authorized in this Order, the Debtor is prohibited from use of Cash Collateral. However, expenditures in excess of the line items in the budget or not on the budget will not be deemed to be unauthorized use of Cash Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure. Expenditures in excess of the line items in the budget or not on the budget may, nonetheless, give rise to remedies in favor of a lender.

4. <u>Debtor Obligations</u>. The Debtor shall timely perform all obligations of a debtor in possession required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the orders of this Court.

5. <u>Access to Records and Premises</u>. Upon reasonable notice, and provided that it does not unreasonably interfere with the business of the Debtor, the Debtor shall grant to the Lenders access to the Debtor's business records and premises for inspection.

6. <u>Replacement Lien</u>. Each creditor with a security interest in Cash Collateral shall have a perfected post-petition lien against Cash Collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any document as may otherwise be required under applicable non bankruptcy law.

7. <u>Insurance</u>. The Debtor shall maintain insurance coverage for its property in accordance with the obligations under applicable loan and security documents with the SBA.

8. <u>Without Prejudice</u>. This Order is without prejudice to (a) any subsequent request by a party in interest for modified adequate protection or restrictions on use of Cash Collateral; and (b) any other right or remedy which may be available to any Lender.

9. <u>Enforcement</u>. The Court shall retain jurisdiction to enforce the terms of this Order.

10. <u>No Determination</u>. This Order is not and shall not be construed as determinative as to whether any creditor has a valid lien on or interest in any property of the Debtor or the estate. This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

*Attorney Amy Denton Mayer is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order*

# EXHIBIT B

GNSP Corp
Case No.
Cash Collateral Budget

|  |  | January 22 - February 16 |
|---|---|---:|
| **Beginning Cash** | $ | 374,424 |
| **Revenues** | $ | 193,484 |
| **Cost of Goods Sold** | $ | 145,366 |
| **Operating Expenses** |  |  |
| Payroll | $ | 38,000.00 |
| Rent | $ | 2,700.00 |
| Delivery Car Payment | $ | 294.00 |
| Credit Card Fees | $ | 800.00 |
| Pharmacy Supplies | $ | 400.00 |
| Technology Expense | $ | 8.00 |
| Delivery Expense | $ | 240.00 |
| Office Supplies | $ | 100.00 |
| Professional Fees | $ | 1,000.00 |
| Bank & Payroll Fees | $ | 420.00 |
| **Total Operating Expenses** | $ | 43,962.00 |
| **Net Cash Flow** | $ | 4,156.32 |
| **Ending Cash** | $ | 378,580 |