ORDERED.

Dated: April 02, 2024

*Catherine M<sup>c</sup>Ewen* (signature)
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| GNSP CORP d/b/a RX OASIS, | Case No. 8:24-bk-300-CPM |
| Debtor. _____/ | |

**THIRD INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS**

THIS CASE came before the Court for a continued hearing on March 7, 2024, at 2:00 p.m. (the "**Hearing**") for consideration of the *Debtor's Emergency Motion for Authority to Use Cash Collateral* (Doc. No. 14) (the "**Motion**")[1]. The Motion seeks the entry of interim and final orders authorizing the Debtor to use "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that, under the circumstances, due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Middle District of Florida, (ii) the SBA, (iii) McKesson, (iv) all known secured creditors of the Debtor with an interest in cash collateral, and (v) the twenty (20) largest unsecured creditors of the Debtor, and that no other or further notice is necessary. The Court considered the Motion, together with the

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

record and the argument of counsel at the Hearing, and it appearing that the use of Cash Collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED**:

1.      Notice.  Notice of the Motion and the Hearing was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2.      Interim Approval.  The Motion is granted on an interim basis pending a further hearing to be conducted by the Court on **April 25, 2024, at 2:30 p.m**.  All parties may attend the hearing in person. Parties are directed to review Judge McEwen's Procedures Governing Court Appearances (available at https://www.flmb.uscourts.gov/judges/mcewen/) for her policies and procedures for remote attendance at hearings by video or telephone via zoom. If an unrepresented party is unable to access the Court's website, please contact the Courtroom Deputy at (813) 301-5151 no later than 6:00 p.m. one business day before the hearing date.

3.      Cash Collateral Authorization.  Subject to the provisions of this Order, the Debtor is authorized to use Cash Collateral to pay: (a) amounts expressly authorized by this Court, including any required monthly payments to the Subchapter V Trustee; (b) the current and necessary expenses set forth in the budget attached hereto as **Exhibit A**, plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by the Lenders.  This authorization will continue until further order of the Court. Except as authorized in this Order, the Debtor is prohibited from use of Cash Collateral. However, expenditures in excess of the line items in the budget or not on the budget will not be

deemed to be unauthorized use of Cash Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure. Expenditures in excess of the line items in the budget or not on the budget may, nonetheless, give rise to remedies in favor of a lender.

4. <u>Debtor Obligations</u>.  The Debtor shall timely perform all obligations of a debtor in possession required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the orders of this Court.

5. <u>Access to Records and Premises</u>.  Upon reasonable notice, and provided that it does not unreasonably interfere with the business of the Debtor, the Debtor shall grant to the Lenders access to the Debtor's business records and premises for inspection.

6. <u>Replacement Lien</u>.  Each creditor with a security interest in Cash Collateral shall have a perfected post-petition lien against Cash Collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any document as may otherwise be required under applicable non bankruptcy law.

7. <u>Insurance</u>.  The Debtor shall maintain insurance coverage for its property in accordance with the obligations under applicable loan and security documents.

8. <u>Without Prejudice</u>.  This Order is without prejudice to (a) any subsequent request by a party in interest for modified adequate protection or restrictions on use of Cash Collateral; and (b) any other right or remedy which may be available to any Lender.

9. <u>Enforcement</u>.  The Court shall retain jurisdiction to enforce the terms of this Order.

10. <u>No Determination</u>.  This Order is not and shall not be construed as determinative as to whether any creditor has a valid lien on or interest in any property of the Debtor or the estate.

4

This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

*Attorney Amy Denton Mayer is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order*

4

# **EXHIBIT A**

**In re GNSP Corp. d/b/a RX Oasis**
**Case No. 8:24-bk-00300-CPM**
**Cash Collateral Budget**

|  | 1/22/24-2/16/24 | 2/17/24-2/29/24 | 3/1/24-3/31/24 | 4/1/24-4/30/24 |
|---|---:|---:|---:|---:|
| **Beginning Cash** | $ 374,424.00 | $ 490,928.37 | $ 493,825.35 | $ 489,596.96 |
| **Revenues** | 196,249.63 | 104,420.19 | 211,909.76 | 239,250.00 |
| **Insurance Payout** |  |  |  | 27,000.00 |
| **Cost of Goods Sold** | 40,990.87 | 75,928.00 | 165,623.61 | 198,577.50 |
| **Operaing Expenses** |  |  |  |  |
| Payroll | 33,711.08 | 18,370.53 | 38,000.00 | $ 38,000.00 |
| Bank & Payroll Fees | 287.00 | 156.01 | 383.01 | 383.01 |
| 1099 Pharmacist | - | 2,740.00 | 2,960.00 | 1,200.00 |
| Rent | 2,638.24 | - | 2,638.24 | 2,638.24 |
| Delivery Car Payment | 293.98 |  | 293.98 | 293.98 |
| Credit Card Fees | 693.65 | 46.10 | 303.57 | 303.57 |
| Pharmacy Supplies | 262.33 | - | 514.83 | 514.83 |
| Other Pharmacy Services | (250.00) | 289.27 | 578.57 | 578.57 |
| Delivery Expense | 130.16 | - | - | - |
| Office Supplies | 31.90 | 63.97 | 152.48 | 152.48 |
| Alarm System | - | 71.97 | 71.97 | 71.97 |
| Insurance | 638.49 | 1,825.89 | 1,825.89 | 1,825.89 |
| System Fees | - | 199.00 | - | 1,200.00 |
| Technlgy Expense | 42.00 | 42.00 | 42.00 | 42.00 |
| Trustee Fees |  |  | 2,000.00 | 1,000.00 |
| Utilities | 275.56 | 362.72 | 750.00 | 750.00 |
| Safe (replacement) | - | 1,427.75 | - |  |
| Insurance Payout |  |  |  |  |
| **Total Operating Expenses** | 38,754.39 | 25,595.21 | 50,514.54 | 48,954.54 |
| **Ending Cash** | $ 490,928.37 | $ 493,825.35 | $ 489,596.96 | $ 508,314.92 |